UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL SCOTT PETERSON,

    Appellant,

  v.              Case No. 19-cv-1051-bhl

HERBERT J. CUENE, JR,
DC DOCKS AND BOATLIFTS, INC,

    Appellees.

## DECISION AND ORDER

  This bankruptcy appeal is the latest in a string of protracted legal proceedings between Daniel Scott Peterson (Peterson) and Herbert J. Cuene, Jr. and DC Docks and Boatlifts, Inc. (collectively Cuene).  In 2016, Cuene obtained a $408,000 state court judgment against Peterson on counterclaims for fraud and breach of contract related to Peterson's sale of a business to Cuene.  In a subsequent collection action, Cuene secured a second state court ruling, confirming his ability to execute against real estate Peterson had placed into alter ego trusts.  To thwart Cuene's continued efforts to collect, Peterson then sought refuge in bankruptcy court.  But Peterson's efforts again proved unavailing when the bankruptcy court agreed with Cuene that Peterson had made false statements in his bankruptcy schedules and at the meeting of his creditors by failing to disclose his interests in the real estate and in the alter ego trusts.  Based on these false statements, the bankruptcy court granted summary judgment to Cuene on his claim that Peterson should be denied a discharge under 11 U.S.C. §727(a)(4)(A).

  Proceeding without a lawyer, Peterson now appeals the bankruptcy court's summary judgment decision.  Cuene has filed a response brief and also requests dismissal of the appeal and an award of sanctions.  Because the record establishes that the bankruptcy court's well-reasoned decision is correct, the Court will resolve Peterson's appeal on the merits, mooting the motion to dismiss.  And, while Peterson's appellate arguments are without merit and show an ongoing failure to come to grips with his state court losses, the Court will deny Cuene's motion for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2016, the state court entered a $408,000 judgment in Cuene's favor and against Peterson. Peterson appealed the judgment, but the Wisconsin Court of Appeals affirmed the trial court's decision on January 31, 2018. Almost exactly two years after the initial judgment, on August 17, 2018, Cuene obtained a further state court ruling in his favor while trying to collect the debt. In the second ruling, the state court held that Peterson had retained an interest in four parcels of real estate he had transferred to trusts (in an apparent effort to avoid Cuene's collection efforts). The state court also ruled that the parcels were subject to execution to satisfy the August 16, 2016 judgment. Peterson did not appeal this second ruling.

On September 24, 2018, Peterson filed a Chapter 7 bankruptcy petition. In his bankruptcy schedules, Peterson did not disclose any interests in the four parcels of real property. Nor did he disclose any interest in the trusts to which he claimed he had transferred the parcels. During his testimony at the meeting of creditors under 11 U.S.C. §341, Peterson admitted that the state court had ruled that he had an interest in real property but tried to justify his omission of the assets from his schedules by insisting the state court ruling was wrong.

In the bankruptcy court, Cuene filed a proof of claim and began an adversary proceeding against Peterson seeking an order either denying Peterson a discharge altogether under 11 U.S.C. §727(a)(4)(A) or, alternatively, holding that Peterson's debt to Cuene was nondischargeable under 11 U.S.C. §§523(a)(2)(B) and (a)(6). On April 3, 2019, Cuene moved for summary judgment on his causes of action under sections 727(a)(4)(A) and 523(a)(2)(B). After briefing and oral argument, the bankruptcy court concluded there were no genuine issues of material fact and that Cuene was entitled to judgment as a matter of law on his claim under section 727(a)(4)(A).[1]

## ANALYSIS

This Court has jurisdiction over Peterson's appeal from the bankruptcy court's order under 28 U.S.C. §158(a). The bankruptcy court's decision to grant summary judgment is reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004). A grant of summary judgment will be affirmed if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be

---

[1] The bankruptcy court did not grant summary judgment on the section 523(a)(2)((B) claim, concluding that Cuene had not established "reasonable reliance" as a matter of law.

affirmed on any ground supported by the record, even if it was not relied upon by the court below. *Midway Airlines*, 383 F.3d at 668. Additionally, determinations of the preclusive effect of state law are reviewed *de novo*. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 772 (7th Cir. 2013).[2]

### A. The Bankruptcy Court Properly Granted Summary Judgment on Cuene's Section 727(a)(2)(A) Claim.

The record amply supports the bankruptcy court's summary judgment decision. The bankruptcy court correctly identified the elements necessary to deny Peterson a discharge under section 727(a)(4)(A): (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with intent to defraud; and (5) the statement related to the bankruptcy case in a material way. *See Stamat v. Neary,* 635 F.3d 974, 978 (7th Cir. 2011). The court then thoughtfully explained how the record established all of these elements.

The bankruptcy court correctly concluded that the record shows that Peterson made false statements under oath within the meaning of section 727(a)(4)(A), satisfying the first two statutory elements. Peterson was required to swear to the accuracy of the information in his bankruptcy schedules and provided sworn testimony at his section 341 meeting of creditors. *See* 28 U.S.C. §1746 (unsworn declaration under penalty of perjury has same effect as verification under oath); 11 U.S.C. §343 (requiring examination of debtor under oath); Official Bankruptcy Forms (providing unsworn declarations under penalty of perjury). And he undisputedly failed to disclose his interests in real property, or his interests in the trusts, on both occasions.

While Peterson continues to insist that he does not have an ownership interest in the real estate, that position is foreclosed by the state court's rulings. The bankruptcy court correctly determined that the state court's alter ego rulings were entitled to preclusive effect under Wisconsin law. As the Seventh Circuit has explained, federal courts are bound by prior state court rulings if two criteria are met:

The first (the "actually litigated step") requires that "the question of fact or law that is

---

[2] Peterson appears to challenge the bankruptcy court's rulings under both 11 U.S.C. §§727(a)(4)(A) and 523(a)(2)(B). Because the bankruptcy court denied summary judgment on Cuene's claim that the debt was nondischargeable under section 523(a)(2)(B), there is no final judgment on that issue and the matter is not a final appealable order. *Catlin v. United States*, 324 U.S. 229, 233 (1945) (noting decision is final if it "ends the ligation on the merits and leaves nothing for the court to do but execute the judgment"); *In re Berke*, 837 F.2d 293, 294-95 (7th Cir. 1988) (noting order may be considered "final" if it terminates what would be a "stand-alone suit" had the claim occurred outside of bankruptcy). As a result, this Court will not consider any of Peterson's arguments regarding the nondischargeability of the obligation.

> sought to be precluded actually must have been litigated in a previous action and [have been] necessary to the judgment." The second (the "fundamental fairness step") requires the court to "determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand."

*First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 773 (7th Cir. 2013) (quoting *Mrozek v. Intra Fin. Corp.*, 281 Wis.2d 448, 699 N.W.2d 54, 61 (2005)). The bankruptcy court correctly applied these legal principles. Peterson's ownership interest in the real estate was the precise issue in dispute in the 2018 state court case, Peterson actively participated in that litigation by offering exhibits and testimony at trial in support of his arguments that he had no interest in the property, and the state court issued a valid final judgment determining that Peterson *did* have interests in the property, which could be attached by creditors.

As he did in the bankruptcy court, Peterson continues to argue on appeal that the state court's rulings are wrong. This is not an avenue he can continue to pursue; under long-established rules of issue preclusion, this Court, like the bankruptcy court, is bound to follow the state court's rulings. *Larsen v. Jendusa-Nicolai*, 442 B.R. 905, 912-13 (E.D. Wis. 2010), *aff'd*, 677 F.3d 320 (7th Cir. 2012). If Peterson disagreed with the state court's rulings, the law required him to challenge those rulings by appealing in state court. His failure to do so leaves him bound by those rulings in federal court. 28 U.S.C. §1738; *Slabosheske v. Chikowske*, 273 Wis. 144, 152, 77 N.W.2d 497, 502 (1956) (under Wisconsin law, lower court's judgment is "effective until reversed"); *accord Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (federal court must give state-court judgment same preclusive effect as would be given judgment under law of state in which judgment was rendered).

The bankruptcy court was also legally correct in concluding that the record established the third and fourth elements of a section 727(a)(4)(A) claim. Peterson knew the statements in his schedules and at the meeting of creditors were false and the record sufficiently establishes an intent to defraud. It is undisputed that Peterson was aware that his statements conflicted with a valid final state court order. Peterson's arguments to the contrary rest on his continued insistence that the state court was wrong. But his disagreement with the state court does not entitle him to ignore that court's rulings. An unsuccessful litigant is not entitled to unilaterally decide which court rulings he will or will not recognize or accept. Peterson is not an appellate court and neither his sustained disregard for the validity and finality of the state court judgments nor his apparent effort to use the bankruptcy court to rehash old complaints, is sufficient to defeat summary judgment. The

bankruptcy court correctly concluded that Peterson's approach amounted to reckless indifference to the truth, the legal equivalent of fraudulent intent. *See Chlad*, 922 F.3d 856, 862 (7th Cir. 2019) (evidence of debtor's reckless disregard for truth is sufficient to prove fraudulent intent and "may be found through an evaluation of the circumstances as a whole and the pattern of omissions engaged in by the debtor").

Finally, there is no dispute over the fifth element of Cuene's claim – Peterson's false statements were materially related to his bankruptcy case. The false statements were made under oath in his bankruptcy schedules and during his testimony at the meeting of creditors. *In re Sgambati*, 584 B.R. 865, 871 (Bankr. E.D. Wis. 2018) ("Omissions from bankruptcy schedules and statement of financial affairs constitute a false oath for purposes of section 727(a)(4)(A)."); *In re Senese*, 245 B.R. 565, 574 (Bankr. N.D. Ill. 2000) (holding false testimony given during section 341 creditors meeting also constitutes a false statement).

Because the bankruptcy court applied the law correctly, there is no basis to overrule its conclusion that Peterson made false oaths within the meaning of section 727(a)(4)(A). The bankruptcy court acknowledged that denying a debtor's discharge on summary judgment was an extraordinary remedy but properly decided it was compelled to do so because the undisputed evidence supported that conclusion. *See In re Chavin*, 150 F.3d 726, 728 (7th Cir. 1998) (holding denial of discharge for fraud on summary judgment was proper, given exceptional circumstances).

### B. Peterson's Appeal is Meritless, not Frivolous.

Cuene has moved to dismiss Peterson's appeal as procedurally defective and frivolous. He also seeks sanctions. Both motions are denied.

While Cuene correctly points out numerous procedural defects in Peterson's *pro se* filings, these defects do not warrant dismissal of the appeal. Under Fed. R. Bank. P. 8003(a)(2), "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court … to act as it considers appropriate, including dismissing the appeal." Cuene does not contend that Peterson failed to file a timely notice of appeal, but rather cites to procedural mistakes that are not uncommon for unrepresented litigants. In these circumstances, none of the errors warrants dismissal of the appeal. The choice of dismissal is within the district court's sound discretion. *Matter of Scheri*, 51 F.3d 71 (7th Cir. 1995) (remanding to district court for further consideration and sufficient explanation of basis for dismissal). Rather than dismissing the case on procedural grounds, the Court has chosen

to address the appeal on the merits.  Having rejected Peterson's appellate arguments, Cuene's motion to dismiss is denied as moot.

The Court also declines to award sanctions.  Cuene argues Peterson's appeal is frivolous and was filed as an attempt to further obstruct the collection of Cuene's judgment.  An appeal is "frivolous" if it is so meritless that the result is foreordained.  *See Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 658 (7th Cir. 2003).  Many of Peterson's arguments on appeal border on the frivolous.  For example, he makes several arguments wholly unrelated to the merits of his appeal, including personal attacks on both Cuene and his counsel.  (Brief for the Appellant, ECF No. 6, at 18-19.)  Such *ad hominem* attacks have no place in a federal or state court.  Because Peterson is unrepresented and proceeding with his appeal pro se, however, the Court will not award sanctions.  *See Pryzina v. Ley*, 813 F.2d 821, 823-24 (7th Cir. 1987) (recognizing arguments lawyer should or would recognize as clearly groundless may not seem so to pro se appellant).  He is forewarned, however, that his pro se status may not insulate him from sanctions in the future if he persists in attempting to disregard court rulings he does not like.

## CONCLUSION AND ORDER

For the reasons stated above, the Appellee's Motion to Dismiss Appeal and for an Award of Damages and Sanctions (ECF No. 10) is denied, and the bankruptcy court's decision is affirmed.

SO ORDERED this 8th day of January, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge